IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY J. HEADRICK, # 448932, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-294-MJR |
| ) | |
| THOMAS TRICE, DAVID NICKEL, ) | |
| NANCY SUTHERLIN, ) | |
| ZACK KURTZ, and CAMERN REED, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiff is currently a pretrial detainee, incarcerated at the St. Clair County Jail ("the Jail"). On February 28, 2014, he filed two *pro se* civil rights actions[1] pursuant to 42 U.S.C. § 1983, each seeking redress for violations of his constitutional rights by various Jail employees. The claims in the instant case arose first, on January 22, 2014.

      More specifically, Plaintiff states that on the above date during the lunch meal, he was confronted by another prisoner in a dispute over a lunch tray Plaintiff had picked up for his friend (Doc. 1, p. 3). Expecting a fight, Plaintiff grabbed a broom to protect the friend. A different inmate struck Plaintiff in the back of the head and he fell. Plaintiff got up and "smacked" the person who had hit him. *Id*. Defendant Officer Reed grabbed Plaintiff by his jumpsuit and "slammed" him to the ground. *Id*. Defendant Officers Kurtz, Reed, Sutherlin, and Nickel then proceeded to "maliciously and savagely" punch and kick Plaintiff in the head, shoulder, and stomach area for 20-35 seconds (Doc. 1, p. 4). Defendants Reed and Kurtz held

---

[1] The other action is also captioned *Headrick v. Trice, et al.*, but is docketed as Case No. 14-cv-293-MJR.

Plaintiff's arms down, "violently" handcuffed him and pulled him up. *Id*. Defendant Reed walked Plaintiff to another room. After they entered, Defendant Reed shoved Plaintiff's hands upward and told him that "consequences would be worse" if he got into another fight. *Id*.

Defendant Captain Trice investigated the incident. Plaintiff got a ticket and was moved to a maximum security cell. At his request, a nurse was summoned to examine his wounds. However, after looking at Plaintiff, she told him he did not need any treatment.

Plaintiff complains that "they" are trying to press charges against him for assaulting a staff member, to cover up the assault on him. His privileges have been revoked, and he believes he is the target of retaliation because of prior lawsuits he has filed.

Plaintiff seeks compensation, an apology, and restraining orders against the Defendants for the violation of his constitutional rights (Doc. 1, p. 4).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Nickel, Sutherlin, Kurtz, and Reed for using excessive force against him after the fight on January 22, 2014 **(Count 1)**. In order to prevail on this claim, however, Plaintiff will be required to show that the Defendants' actions were "carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins v. Gaddy*, 559 U.S. 34, 40 (2010) (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). This claim shall receive further review. Plaintiff's other claims shall be dismissed.

In his prayer for relief, Plaintiff asserts not only an Eighth Amendment violation, but also a violation of his Fourteenth Amendment equal protection rights **(Count 2)**. However, the factual allegations in the complaint do not suggest that the Defendants singled him out for disparate treatment because of his membership in a particular group. *See Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (in order to have an equal protection claim, plaintiff must establish that officials "purposefully and intentionally discriminated against him") (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)). Nor does the complaint state a class-of-one equal protection claim. *See Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (class-of-one equal protection claim may lie if the plaintiff was "intentionally treated differently from others similarly situated" and if there was "no rational basis for the difference in treatment"). Plaintiff suggests that Defendants may have held particular animus against him due to his history of filing lawsuits, yet he does not allege that he was treated differently from other detainees who were involved in the fracas. Further, he admits that he "smacked" another inmate, which is enough to support the actions of issuing him a ticket and placing him in a maximum security cell. Accordingly, the equal protection claim (Count 2) shall be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff suggests dissatisfaction with the nurse's assessment that he did not require any medical care after the assault, but he does not name the nurse as a Defendant or indicate that he desires to pursue a separate claim for deliberate indifference to his medical needs. Nor do his factual allegations support a constitutional claim on this issue. This potential claim for deliberate indifference to medical needs **(Count 3)** shall be dismissed with prejudice.

As to Plaintiff's statement that his privileges have been revoked and he is being punished for filing earlier lawsuits involving the Jail, he does not clearly state that he wishes to

assert a separate claim for retaliation in the instant action. On the other hand, Plaintiff's second lawsuit (Case No. 14-cv-293) clearly does seek recovery for unconstitutional retaliation, which came after the excessive force incident described above. In light of that other action, and because retaliation is mentioned only briefly in the instant complaint, any retaliation claim Plaintiff might have intended to assert herein **(Count 4)** shall be dismissed without prejudice.

Finally, Defendant Trice shall be dismissed from this action. Plaintiff does not allege that he was in any way personally involved in the alleged excessive use of force against him. Instead, Defendant Trice came in later, to investigate the incident. Plaintiff does not identify any action taken by Defendant Trice that might have violated his constitutional rights, thus he fails to state any claim against him upon which relief may be granted.

**Pending Motion**

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

**Disposition**

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNTS 2 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **TRICE** is **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **NICKEL, SUTHERLIN, KURTZ,** and **REED:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and

return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties*

*consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 26, 2014**

                                                s/ MICHAEL J. REAGAN
                                                United States District Judge